**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| THOMAS A. SCHUHART, and<br>MARY E. SCHUHART, | §<br>§<br>§<br>§<br>§ | |
| Plaintiffs, | § | Civil Action No. C-05-385 |
| | § | |
| v. | §<br>§ | |
| | § | |
| CHASE HOME FINANCE, L.L.C., | §<br>§ | |
| | § | |
| Defendant. | §<br>§ | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this day came on to be considered Defendant's Motion for Summary Judgment (D.E. 17 & 18). For the reasons stated herein, the Court GRANTS the Motion.

**I.   Jurisdiction**

The Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**II.   Factual and Procedural Background**

On November 15, 1996, Plaintiffs Thomas A. Schuhart and Mary E. Schuhart, husband and wife, borrowed $64,500 from Inland Mortgage Corporation to purchase their home in San Patricio, Texas. (Pls.' Original Pet. at 3; see also Promissory Note ¶ 1, Nov. 15, 1996.) In connection with the loan, Plaintiffs executed a Deed of Trust giving Inland Mortgage Corporation a security interest in the property, and signed a Promissory Note setting forth the repayment obligation. (Deed of Trust at 1, Nov. 15, 1996; Promissory Note ¶¶ 3-4.) On February 6, 1998, Inland Mortgage Corporation

sold the Deed of Trust and Note to Chase Manhattan Mortgage Corporation, the predecessor entity of Defendant Chase Home Finance.  (Transfer & Assignment at 1, Feb. 6, 1998.)

In May 2005, Defendant Chase Home Finance notified Plaintiffs that, because they were in default on the Note, a foreclosure sale of the property had been scheduled for July 5, 2005.  (Pls.' Original Pet. at 6.)  After receiving the notification, Plaintiffs filed their Original Petition in state court against Defendant Chase Home Finance and three Texas individuals, asserting causes of action for breach of contract and fraud.  (Id. at 7.)

On August 3, 2005, Defendant Chase Home Finance removed the case to this Court, alleging improper joinder of the three Texas individuals.  The Court conducted an Initial Pretrial Conference on September 16, 2005, during which the Court granted Plaintiffs' unopposed motion to dismiss the three Texas individuals, and found that complete diversity existed between Plaintiffs and the remaining Defendant, Chase Home Finance.

On February 16, 2006, Defendant filed a Motion for Summary Judgment (D.E. 17 & 18).  Defendant asserts that Plaintiffs' claims for breach of contract and fraud are barred by statute of frauds.  In the alternative, Defendant argues that Plaintiffs have failed to provide any evidence supporting either of the two claims.

Plaintiffs filed a response on March 7, 2006 (D.E. 21).  Plaintiffs maintain that (1) Defendant orally promised "forbearance and [orally promised] to enter into a written modification with [P]laintiffs" (Pls.' Resp. Summ. J. at 9); (2) most of Plaintiffs' possessions have been in a storage facility, and therefore, Plaintiffs have been unable to produce evidence to substantiate their claims (id. at 3, 7); (3) Plaintiffs relied to their detriment on Defendant's oral "promises that included allusions to an almost finished [written] modification" (id. at 12-13); and (4) as damages for their

fraud cause of action, Plaintiffs are not seeking "benefit-of-their-bargain," rather, they are seeking "out-of-pocket expenses" (id. at 9).  In support of their claims, Plaintiffs submitted the following evidence: (1) Plaintiff Thomas Schuhart's Affidavit, dated July 1, 2005, (2) a notification letter from Defendant's law firm informing Plaintiffs of the July 5, 2005 foreclosure sale, (3) Defendant's telephone log, entitled "FORTRACS History Notes," and (4) a letter from Federal Home Loan Mortgage Corporation[1] informing Plaintiffs of their financial options.

## III.   Discussion

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Court must draw all justifiable inferences from the evidence in the light most favorable to the nonmoving party.  Quorum Health Res., L.L.C. v. Maverick County Hosp., 308 F.3d 451, 458 (5th Cir. 2002).  Moreover, the Court "should assume the truth of the statements in the record," and it is inappropriate for the Court "to make credibility determinations or weigh the evidence on summary judgment."  Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 993 (5th Cir. 2005).

In a case where the moving party bears the burden of proof on an issue "because . . . as a defendant [it] is asserting an affirmative defense," such as statute of frauds, "[t]o obtain summary judgment, . . . [the moving party] must establish beyond peradventure all of the essential elements of the . . . defense to warrant judgment in [its] favor."  Martin v. Alamo Cmty. Coll. Dist., 353 F.3d 409, 412 (5th Cir. 2003) (emphasis in original) (internal quotation marks omitted).

---

[1] The November 18, 2004 letter indicated that Federal Home Loan Mortgage Corporation was the owner of Plaintiffs' mortgage. (Pls.' Resp. Summ. J. Ex. 3.) However, the parties do not dispute that Defendant Chase Home Finance now owns the mortgage.

A.     <u>**Breach of Contract Cause of Action**</u>

The parties agree Texas law applies in this case.  Under Texas law, when a promise or agreement, either by its terms or by the nature of the required performance, cannot be completed within one year from the date of its making, it falls within the statute of frauds; and therefore, to be enforceable, the promise or agreement must be in writing and signed by the party sought to be charged.  Tex. Bus. & Com. Code Ann. § 26.01(a); <u>Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.</u>, 55 F.3d 181, 184 (5th Cir. 1995).  In the context of a loan agreement, an agreement that fixes a definite period longer than a year during which performance shall continue indicates that the parties did not contemplate earlier performance.  <u>Walker v. Tafralian</u>, 107 S.W.3d 665, 669 (Tex. App.–Fort Worth 2003, no pet.); <u>Mann v. NCNB Texas Nat'l Bank</u>, 854 S.W.2d 664, 668 (Tex. App.–Dallas 1992, no writ).  The possibility of prepayment within one year alone is not enough to take the loan agreement out of statute of frauds.  <u>Tafralian</u>, 107 S.W.3d at 669; <u>Mann</u>, 854 S.W.2d at 668.  Thus, a loan agreement to be performed over a thirty-year period that contains a prepayment provision is within the statute of frauds.  <u>See</u> Tex. Bus. & Com. Code Ann. § 26.01(a).

In this case, it is undisputed that in November 1996, Plaintiffs executed a Deed of Trust and signed a Note to obtain a loan to purchase their home.  (Thomas Schuhart Aff. at 1.)  It is also undisputed that, although the Note contains a prepayment provision, it requires Plaintiffs to make monthly payments over a period of thirty years, from January 1997 to December 2026.  (Promissory Note ¶ 3.)  Based on these undisputed facts, the Court finds that the loan agreement falls within the statute of frauds because, by its terms, the required performance under the loan agreement cannot be completed within one year from the date of its making.  <u>See</u> Tex. Bus. & Com. Code Ann. §

26.01(a);[2] see also Floors Unlimited, Inc., 55 F.3d at 184.

 If an agreement falls within the statute of frauds, then any modification materially affecting the character or value of the agreement also falls within the statute of frauds.  Garcia v. Karam, 276 S.W.2d 255, 256-58 (Tex. 1955); see also Am. Garment Properties, Inc. v. CB Richard Ellis, L.L.C., 155 S.W.3d 431, 435 (Tex. App.–El Paso 2004, no pet. h.).  According to Plaintiffs:

> In 2001, [their] home was damaged by a storm.  The roof leaked and mold developed . . . .  Defendant Chase [Home Finance] promised [to] . . . modify the loan after the home was repaired . . . .
> Around December of 2002, [Plaintiffs] asked [Defendant] to modify the loan even though the repairs were not complete.  [Defendant] agreed to modify the loan.  [From December 2002 through November 2004, Plaintiffs worked with various employees of Defendant in an effort to modify the loan agreement.] . . . .
> While the modification was being processed, [Plaintiffs] were told by Defendant Chase [Home Finance] that [they] did not have to make payments since any past-due payments would be taken care of in the modification . . . .

(Thomas Schuhart Aff. at 1-2.)  Plaintiffs admit that they have not made any payments to Defendant for over four years.  (Thomas Schuhart Resp. to Req. for Admis. No. 81-93; Mary Schuhart Resp. to Req. for Admis. No. 81-93.)

 Assuming the truth of Plaintiffs' statements, the Court concludes that the modification Plaintiffs alleged would materially affect the character and value of the Deed of Trust and Note executed in November 1996.  See Karam, 276 S.W.2d at 256-58.  Specifically, the alleged modification would have modified the 1996 Deed of Trust and Note with respect to "the amounts of the installments, the security rights[,] . . . including [the] right to foreclose, the terms of the remaining balance of the loan, the amount of monthly payments, [and] the date of the first payment

---

[2] Defendant also claims that Tex. Bus. & Com. Code Ann. § 26.02 applies in this case. Defendant, however, has failed to produce a writing that satisfies the notice provision of § 26.02(f). Therefore, the Court will only consider the statute of frauds provision of § 26.01.

. . . ." Horner v. Bourland, 724 F.2d 1142, 1148 (5th Cir. 1984); see also 21 Turtle Creek Square, Ltd. v. New York State Teachers' Ret., 425 F.2d 1366, 1371 (5th Cir. 1970) ("The Statute of Frauds bars plaintiff's claim based upon the oral agreement.  It involves a mortgage of real estate.  A mortgage or other lien upon real estate cannot be given by parol."), modified on other grounds, 432 F.2d 64 (5th Cir. 1970).  Accordingly, the Court finds that the alleged modification falls within the statute of frauds; therefore, to be enforceable, it must be in writing and signed by Defendant Chase Home Finance.

It is undisputed that Plaintiffs have been "unable to produce a written modification agreement" or any evidence showing that a written modification exists.  (Thomas Schuhart Resp. to Def.'s Interrogs. No. 4(b); see also Baker Aff. ¶ 11.)  In fact, undisputed evidence in the record shows that a written modification does not exist.  For example, in his Responses to Defendant's Interrogatories, Plaintiff Thomas Schuhart stated that Defendant "promised to abate the monthly installment payments or take care of them in the modification agreement, but then did not." (Thomas Schuhart Resp. to Def.'s Interrogs. No. 4(a).)  He also noted that "based on [Defendant's] promises[, he] believe[d] that there may be at least a verbal agreement on the missing payments." (Id. No. 4(b) (emphasis added).)  Furthermore, he stated that "[Defendant's] personnel . . . told him the past-due [payments] would be taken care of in the modification . . . . [T]he method of communication [between Plaintiff Thomas Schuhart and Defendant's personnel]: telephone." (Id. No. 7 (emphasis added).)

Plaintiffs, however, argue that Defendant should be held liable because it promised to enter into a written modification, (Thomas Schuhart Resp. to Def.'s Interrogs. No. 4(b); see also Pls.' Resp. Summ. J. at 9), and Plaintiffs relied on Defendant's oral promise and its representation that

- 6 -

a written modification was almost finished.  (Thomas Schuhart Aff. at 2-3; <u>see also</u> Pls.' Resp. Summ. J. at 13.)  Essentially, Plaintiffs seek to invoke promissory estoppel to bar the application of statute of frauds.

Promissory estoppel is a narrow exception to statute of frauds.  <u>Trammel Crow Co. v. Harkinson</u>, 944 S.W.2d 631, 636 (Tex. 1997).  To invoke promissory estoppel, the promisee must show that the promisor promised to sign a written document that complied with the statute of frauds. <u>Nagle v. Nagle</u>, 633 S.W.2d 796, 800 (Tex. 1982).  Moreover, the agreement which was the subject of the oral promise must be in writing at the time the oral promise to sign was made.  <u>Southmark Corp. v. Life Investors, Inc.</u>, 851 F.2d 763, 769 (5th Cir. 1988) ("[T]he doctrine of promissory estoppel does not apply where there is no proof of a promise to sign a written contract that <u>had been prepared</u> and that would satisfy the requirement of the statute of frauds."  (emphasis in original)); <u>see also</u> <u>Exxon Corp. v. Breezevale Ltd.</u>, 82 S.W.3d 429, 438 (Tex. App.–Dallas 2002, no pet.) ("To invoke . . . promissory estoppel[,] . . . the agreement must be in writing at the time of the oral promise to sign it.").

In this case, the Court concludes that promissory estoppel is inapplicable, because the undisputed evidence shows that, at the time Defendant allegedly made the oral promise to enter into a modification, the modification was not in writing.  Although Plaintiffs submitted Defendant's telephone log, entitled "FORTRACS History Notes," to show that the parties were in negotiation (<u>see</u> Pls.' Resp. Summ. J. Ex. 2), the undisputed evidence in the record shows that the alleged written modification was never completed.  Plaintiffs' only evidence is that "[an employee of Defendant] stated that he was <u>close to completing</u> the modification."  (Thomas Schuhart Aff. at 2 (emphasis added); <u>see also</u> Pls.' Resp. Summ. J. at 13 ("an almost finished modification").)  As noted,

promissory estoppel applies only if Plaintiffs can show that, at the time Defendant allegedly made the oral promise to sign a modification, the modification was already in writing.  See Southmark Corp., 851 F.2d at 769; see also Exxon Corp., 82 S.W.3d at 438.  Accordingly, Plaintiffs' promissory estoppel argument fails.

Based on the above stated reasons, the Court concludes that Defendant has established "beyond peradventure all of the essential elements of the . . . defense [of statute of frauds];" specifically, the alleged modification is not in writing and promissory estoppel does not apply.  See Alamo Cmty. Coll. Dist., 353 F.3d at 412.  Accordingly, the Court finds that Defendant is entitled to judgment as a matter of law as to Plaintiffs' breach of contract claim.

### B.    Fraud Cause of Action

Generally, under Texas law, a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds.  Hugh Symons Group, plc v. Motorola, Inc., 292 F.3d 466, 470 (5th Cir. 2002).  The Texas Supreme Court has held that the statute of frauds "bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds." Haase v. Glazner, 62 S.W.3d 795, 799 (Tex. 2001).

To the extent, however, that a plaintiff's fraud claim seeks out-of-pocket damages incurred by relying upon a defendant's misrepresentations, those damages are not part of the benefit of any bargain between the parties.  Hugh Symons Group, plc, 292 F.3d at 470.  They therefore may be recoverable without contravening the statute of frauds.  Hasse, 62 S.W.3d at 799.  In determining whether a fraud claim is barred by the statute of frauds, the Court must consider "the nature of damages requested." Carr v. Christie, 970 S.W.2d 620, 624 (Tex. App.–Austin 1998, no pet.).

- 8 -

In response to Defendant's Interrogatory Number 13, which required Plaintiffs to "identify each element or category of damages," Plaintiffs answered:

> [We] seek[] specific performance of the promise of modification of the contract to reflect the problems with the mold and the remediation, first, and then seek[] dollar damages, that at this time are difficult to calculate because of the related litigation against Farmer [Insurance Company] over [its] recalcitrance on paying for the mold remediation.

(Thomas Schuhart Resp. to Def.'s Interrogs. No. 13.)

As the answer shows, Plaintiffs are seeking two types of relief: (1) equitable relief of specific performance, and (2) legal relief of monetary damages. It is clear that Plaintiffs cannot recover equitable relief of specific performance, because specific performance constitutes a relief for the benefit of a bargain, and, in this case, the statute of frauds bars Plaintiffs from recovering the benefit of the unenforceable modification. Haase, 62 S.W.3d at 799; see also Nagle v. Nagle, 633 S.W.2d 796, 801 (Tex. 1982).

Plaintiffs also seek "dollar damages." Specifically, Plaintiffs maintain that they are seeking "out-of-pocket expenses" incurred by relying upon Defendant's misrepresentations. (See Pls.' Resp. Summ. J. at 9.) As noted, a plaintiff may recover out-of-pocket damages incurred by relying upon a defendant's misrepresentations; such recovery is not barred by statute of frauds. Hugh Symons Group, plc, 292 F.3d at 470; Haase, 62 S.W.3d at 799. However, to survive summary judgment, Plaintiffs nonetheless must present evidence to support every element of a fraud claim.

Under Texas law, the elements for a fraud claim are: (1) a material representation; (2) it was false when made; (3) the speaker either knew it was false or asserted it without knowledge of its truth; (4) the speaker intended that it be acted upon; (5) the party acted in reliance; and (6) the party suffered damages as a result. Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc., 960

S.W.2d 41, 47-48 (Tex. 1998); see also Fluorine on Call, Ltd. v. Fluorogas Ltd., 380 F.3d 849, 858 (5th Cir. 2004).  Accordingly, damages are an essential element of a fraud claim.  Camp v. Ruffin, 30 F.3d 37, 38 (5th Cir. 1994) ("To support an action for fraud or misrepresentation, a plaintiff must show what he has actually lost–i.e., out-of-pocket damages or pecuniary loss.").  To defeat summary judgment, Plaintiffs in this case must therefore present evidence that they suffered out-of-pocket damages.

To support their damages claim, Plaintiffs submitted Thomas Schuhart's affidavit, which states: "We have spent over $10,000.00 of our own funds to fix our home . . . . We have invested a significant amount of money in the home."  (Thomas Schuhart Aff. at 3.)  This is the only support Plaintiffs have provided on damages.  Essentially, all that is before the Court are Plaintiffs' unsubstantiated allegations of expenditures.  It is well established that a plaintiff cannot satisfy his summary judgment burden with "conclusory allegations," "unsubstantiated assertions," or only a "scintilla" of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The Court therefore finds that Plaintiffs have failed to produce any evidence to support their allegations of expenditures or out-of-pocket damages.  See Hugh Symons Group, plc, 292 F.3d at 471 (Plaintiff-Appellant "needed to verify or substantiate its otherwise unsupported allegation of expenditure.  It failed to do so.  Again, an unsubstantiated assertion is incompetent to defeat a motion for summary judgment."); Quest Exploration & Dev. Co. v. Transco Energy Co., 24 F.3d 738, 743 (5th Cir. 1994) ("unsupported statements in affidavits [constitute] . . . unsubstantiated assertions [that] are simply not competent summary judgment evidence."); Garcia v. LumaCorp, Inc., 429 F.3d 549, 555 (5th Cir. 2005) (the personal affidavits were insufficient to establish the existence of a genuine issue of material fact); Fluorine on Call, Ltd. v. Fluorogas Ltd., 380 F.3d 849, 864 (5th Cir.

- 10 -

2004) ("[g]uesswork and speculation simply cannot serve as a basis for sending a case to a jury").

Moreover, Plaintiffs have not presented any evidence showing that when Defendant allegedly agreed to modify the loan agreement, such representation was false or that Defendant made the representation knowing that it would not modify the loan agreement.  See <u>Formosa Plastics Corp.</u>, 960 S.W.2d at 47-48; <u>see also</u> <u>Fluorine on Call, Ltd.</u>, 380 F.3d at 858.

Based on the above stated reasons, the Court finds that Defendant is also entitled to judgment as a matter of law on Plaintiffs' fraud claim, because Plaintiffs have failed to present any evidence showing that they suffered out-of-pocket damages as the result of Defendant's alleged misrepresentation concerning a loan modification.  See <u>Liquid Air Corp.</u>, 37 F.3d at 1075.

IV.     **Conclusion**

For the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment (D.E. 17 & 18).

SIGNED and ENTERED this 10th day of July, 2006.

_____
Janis Graham Jack
United States District Judge

- 11 -